IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
MAR 21 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| **RONALD G. WADE, JR.** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 19 CV 158 TCK - JFJ |
| ) | |
| (1) CITY OF TULSA ) | Case No. _____ |
| (2) CHUCK JORDAN, individually and in ) | |
| his official capacity ) | |
| (3) INTERNAL AFFAIRS ) | |
| (4) G.T BYNUM, individually and in his ) | JURY TRIAL DEMANDED |
| official capacity ) | |
| ) | |
| Defendant's ) | |

### COMPLAINT FOR DAMAGES
(Conspiracy To Deprive Civil Rights, Conspiracy To Obstruct Justice While In The Commission Of A Felony)

### INTRODUCTION

**COMES NOW**, Plaintiff Ronald G. Wade, Jr, and states that on March 6, 2019, City of Tulsa Mayor G.T. Bynum, upon proper notice for and against the City of Tulsa, was notified the city was involved in a Continuing Civil Rights Conspiracy, to withhold exculpatory evidence as to a simple yes or no, over an email, purported to be possessed by Tulsa Police Department Officer Don Deramus, which implicated the Plaintiff of threatening innocent women and children, with homicidal violence. This email represented the sole probable cause, used by Officer Deramus, to effect taking the Plaintiff into Emergency Custody, as representing a clear and convincing imminent danger to himself or others. The Plaintiff was illegally captured and taken by force, to be held for a total of thirty four days.

The conduct of Officer Deramus, is to be addressed in a different related case, as 19CV-120-GHK-FHM. This action herein, is about the collusion between Mayor Bynum and Police

Chief Chuck Howard, to obstruct justice, that began June 8, 2018 and which conspiracy was reaffirmed on March 6, 2019.

Furthermore, although the law presumes conferment occurred between Police Chief Howard and Mayor Bynum on June 8, 2018, as to the Plaintiff's request for the email representing probable cause, and based on the mitigating circumstances, Chief Howard confirmed conferment did in fact occur. On July 9, 2018, Chief Howard informed me Officer Don Deramus had been found innocent of falsifying evidence, and further offered no evidence as to the existence or nonexistence of the email in question. Chief Howard then, updated the Plaintiff's billion dollar tort claim, indicating he had just conferred with the city, as to the email. This confessed conferment, that the law presumes is of an obstructing nature, since the email was known, not to be possessed by the City of Tulsa or Officer Deramus. The law presumes further, it was not in the possession of Tulsa Attorney Jason A. Robertson either, since it is an easy process for the police to ask Mr. Robertson for the email. Mr. Robertson concocted the threat with Officer Deramus and it was either real, or a concoction.

Statutory responsibility required both parties to understand there was a solitary issue, and it was the existence of the email, Officer Don Deramus claimed to have in his possession. The conferment of July 9, 2018, was of significant magnitude, to imply premeditated intent, with malice, to obstruct justice. The simple goal of this collusion, was to prove Officer Deramus innocent, while continuing to reflect guilt on the part of the Plaintiff. Hide the result of the evidence, to preserve the preferred status quo, of assuming power over the Plaintiff.

Furthermore, the conduct of Mayor G.T. Bynum and Police Chief Howard, is defined as Criminal Conspiracy to Obstruct Justice, under Oklahoma Title 21 §421(2) (5), which is further defined as a Public Offense under Oklahoma Title 21, § 3, which is further defined as a violation of Article II, § 2 and § 7 of the Oklahoma Constitution.

Officer Deramus, swore before God, he possessed this email, and the Plaintiff had a God

Given and Constitutional Right to see it produced on June 8, 2018. Officer Deramus, Internal Affairs, Mayor Bynum and Police Chief Howard, conferred and then made proactive decisions to withhold and obstruct the fact the email did not exist.

Furthermore, Mayor Bynum was presented five distinct junctures, wherein he was required to make a decision, as to whether to continue the conspiracy or end the conspiracy. In each case Mayor Bynum reaffirmed his commitment to conspire to obstruct justice. The last such juncture is March 6, 2019, after a federal judicial proceeding had been initiated. The conspiracy initiated by Mayor Bynum and Chief Howard, became a further violation of 18 U.S. Code § 1503 and 1512 on March 6, 2019. Mayor Bynum has added 15 additional days to the conspiracy, up and through March 21, 2019..

The Plaintiff hereby invokes his absolute right to prosecute every person involved in the conspiracies against his rights and motions this court to bring in Federal Law Enforcement to ask Tulsa Attorney, Jason A. Robertson for emails representing 23 threats of direct bodily harm, allegedly made by the Plaintiff.

When Mr. Robertson produces no threats, the Plaintiff demands the immediate arrest of Mayor Bynum, Chief Jordan, Don Deramus and the Internal Affairs Investigator, for criminal conspiracy to deprive civil rights and obstruct justice. Jason A. Robertson swore to twenty two threats of bodily harm, on two occasions, with the second time being, after he admitted the emails did not exist. Those forty five counts of falsifying evidence, by law, become part of the criminal obstruction and conspiracy against the Defendants herein.

These gentlemen have participated in crimes across 9 legal proceedings. The law says that when Mayor Bynum elected to deprive the Plaintiff's rights, over accepting the pathological lying of Jason A. Robertson, the city of Tulsa, became guilty of every crime ever committed by Jason A. Robertson, which consists of three ongoing conspiracies.

The law also presumes, Mayor Bynum is encouraging his staff, the Plaintiff is of little or no

consequence, which also makes the staff liable to the Plaintiff. The attorneys have no immunities, from participation in a continuing Conspiracy to Deprive Civil Rights, because no law allows participation in a continuing Civil Rights Conspiracy and Obstruction of Justice.

## JURISDICTION AND VENUE

The acts and omissions which are the subject of this action occurred in the Northern District of Oklahoma.

Jurisdiction is conferred by 28 U.S.C.§ 1343, as further codified to enforce the provisions 42. U.S.C.§ 1985, which provides for original jurisdiction of this Court in suits authorized by 42 U.S.C. § 1983 and 42 U.S.C.§ 1985, to redress the deprivation, under color of state law, statute, ordinance, regulation, custom, or usage of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law. 28 U.S.C. § 1367.

Plaintiff's action for damages is authorized by: (1) 42 U.S.C. § 1985 which provides for redress of any conspiracy to deprive, under color of any statute, ordinance, regulation, custom or usage of any state or territory of any rights, privileges, or immunities secured to all the citizens or persons within the jurisdiction of the United States, as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and any other provisions of law, either federal or state, which are unknown to the Plaintiff at this time but may be ascertained as further facts are known through discovery;

Venue is proper because all Defendants reside in the Northern District of Oklahoma and a substantial part of the events giving rise to the causes of action occurred in the Northern District of Oklahoma. Venue is proper under 28 U.S.C. § 1331.

## PARTIES

Plaintiff at all times material to this complaint was a resident of the State of Oklahoma and resides in Jenks, Oklahoma, Tulsa County, within the Northern District of Oklahoma.

Defendant Chuck Jordan was at all times relevant to this complaint a resident of the Northern District of Oklahoma. During the events reflected herein, Chief Jordan worked for the Tulsa Police Department, Tulsa, Oklahoma as Police Chief. Defendant Jordan performed tasks – such as supervising the gathering of evidence, interviewing witness, and trying to amass sufficient false evidence to justify mental health detention – which is not within the core peace officer function. Chief Jordan only has qualified immunity for actions which are within the core peace officer function and – since fabricating evidence and suppressing exculpatory and inculpatory evidence were established constitutional violations, well prior to the case contained herein – Defendant is entitled to no protection from that qualified immunity. Defendant Jordan is sued in his individual capacity and in his official capacity.

Internal Affairs Investigator – Subject unidentified.

## FACTUAL ALLEGATIONS

The Plaintiff makes the following specific charges, for conspiracy to obstruct justice as follows:

A./ June 8, 2018 – Plaintiff initiated an internal affairs investigation against Officer Deramus. The law presumes conferment occurred.

B./ June 8, 2018 – Plaintiff filed a $1,000,000,000 Tort Claim. The law presumes conferment occurred.

C./ July 9, 2018 – Police Chief Chuck Jordan responded to the internal affairs investigation, that upon conferment with Mayor Bynum, Officer Deramus, was deemed innocent of falsifying evidence. Police Chief Jordan was also kind enough to update the tort claim, while confessing he had just conferred, with the city and they would respond to my tort

claim. (Exhibit #2)

D./ September 6, 2018 – Mayor Bynum, upon further conferment after the consiracy began, elected to leave the Plaintiff's $1,000,000,000 Tort Claim open and unanswered, and made the conscious decision, the interests of Tulsa were best served by continuing the conspiracy against the Plaintiff. This decision to continue to withhold exculpatory evidence, is considered "aggravated with premeditation and malice".

E./ March 6, 2019 – Mayor Bynum was served a summons in case 19CV-120-GHK-FHM, clearly reflecting Mayor Bynum's conspiracy to obstruct justice was continuing. Furthermore, the Plaintiff will be due compensation for Mayor Bynum's decision to continue the city's silence for 15 more days. This decision to continue to withhold exculpatory evidence, is considered "aggravated with premeditation and malice".

F./ In Federal Case 4:18-CV-00102-GKF-FHM, Officer Deramus, while acting under the direction of Jason A. Robertson and under color of law, did in fact capture the Plaintiff to be held in illegal captivity, to prevent appeal on this case, related to Mr. Robertson. This was done with malice and aforethought, on the part of Officer Deramus and represents an extension of the multiple conspiracies carried out by Mr. Robertson, to prevent his becoming known as a pathological liar. Furthermore. The Plaintiff, was in fact working on an appeal.

## CAUSE OF ACTION ONE
### (Conspiracy To Obstruct Justice)
### (First, Fourth, Fifth and Fourteenth Amendment Violations)

Mayor G.T. Bynum is the Chief Municipal Executive of Tulsa, Oklahoma and the law presumes he has a statutory obligation to become informed about any significant incidences affecting the reputation of Tulsa Police. Mayor Bynum has a vested interest, in assuring Tulsa does not become embroiled in a scandal, and when faced with this possibility, Mayor Bynum made the decision to involve the City of Tulsa in Criminal Conspiracy to Obstruct Justice, as

defined by Oklahoma and Federal Law, rather than provide exculpatory evidence that inferred, the sole basis of probable cause against the Plaintiff, was fabricated by TPD Officer Don Deramus.

Mayor Bynum had a statutory obligation to ascertain the existence of the email, representing probable cause, and when in fact it did not exist, his further obligation was to arrest and charge Officer Deramus, Chief Jordan, Tom Cooper and Jason A. Robertson with providing false evidence. Instead Mayor Bynum, conferred upon the others, then made the strategic decision to attempt to obstruct the fact the exculpatory evidence, cleared the name of the Plaintiff and indicted Officer Deramus. Mayor Bynum decided it was in the best interests of Tulsa, to hide the Plaintiff's innocence and obstruct any evidence to the contrary.

Mayor Bynum's behavior meets the two elements of obstruction, in that he was required, by statute to have knowledge, and he was duty bound, by statute, to exonerate the Plaintiff. In addition, within his correspondence dated July 9, 2018, Police Chief Chuck Jordan, did in fact update the status of the Plaintiff's Tort Claim, confirming that conferment between the Mayor and Police Chief, had in fact occurred and the City would respond to my tort claim. Neither party produced or mentioned, the email in question and Mayor Bynum elected to ignore the tort claim completely, and pretend the Plaintiff did not exist. Both the tort claim and internal affairs investigation, revolved around the existence of the email.

These acts are in violation of the liberties guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and, meets the elements as a crime against the Plaintiff, with each act of obstruction or falsification, representing a separate charge.

The known acts, as delineated above, occurred on June 8, 2018, July 9, 2018, September 6, 2018 and March 6, 2019. Each juncture represents a point when Mayor Bynum and Police Chief Howard, were fiscally required to confer or "knock heads". There was a never a different

issue then, does Officer Deramus have a copy of the email, wherein he claims the Plaintiff threatened innocent women and children with violence. Officer Deramus was required to answer yes or no and if no, proceed to Jason A. Robertson's last known address and ask for the email. Lord knows what Officer Deramus did, but he certainly did not follow the law.

It's irrelevant, whether the city feels their other evidence is sufficient, as this is a direct threat of violence against women and children and the Plaintiff was entitled to the email, both as Defendant and as a Victim. The law imposed two distinct obligations on the part of Mayor Bynum.

Mayor Bynum, made a simple decision to do neither and react unlawfully, and instead obstruct whether the email exists or not. Furthermore, the Plaintiff can only prove a piece of evidence doesn't exist, by requesting a copy. The Plaintiff has requested 12 different ways to Sunday, where's the email with these words: (Exhibit #1)

***"Ron Wade began to sent Robertson emails that stated he knows where Robertsens lives and what his family looks like.***

The City of Tulsa, continues the conspiracy, by responding with silence. The acts against the Plaintiff, are well into the heinous and atrocious realm.

## Cause of Action Two
### (Conspiracy To Obstruct Justice In A Federal Judicial Proceeding)
### (18 U.S.C. Section 1503 and 1512)

On March 5, 2019 the Plaintiff filed suit against the City of Tulsa under 42 U.S.C. Section 1983, for Civil Rights Violations and what is defined by law, as a continuing conspiracy to obstruct justice. Mayor Bynum was properly served notice on March 6, 2019, of the ongoing conspiracy against the rights of the Plaintiff.

Mayor Bynum has allowed the conspiracy to thrive and exacerbate, and the law presumes Mayor Bynum, upon further conferment, elected to elevate the conspiracy to include the legal staff, working for the City of Tulsa.

Mayor Bynum, has a statutory obligation to understand a Continuing Civil Rights Conspiracy, is not in the job description of municipal workers. Furthermore, the Plaintiff intends to have all co-conspirators jailed. That will be inclusive of any City Attorney or Clerk that does anything to the detriment of the Plaintiff.

Furthermore, the rights of the Plaintiff takes precedence of the right of the city to have effective legal representation. The law does not recognize the rights of the city. The city is involved in an ongoing federal crime and the Plaintiff insists the City of Tulsa, be charged accordingly.

On May 9, 2018 Police Officer Don Deramus fabricated a threat of bodily harm, to unlawfully assault the Plaintiff's person and take the Plaintiff by force, to prevent the escalation of criminal charges against pathological liar, Tulsa Attorney Jason A. Robertson. Mr. Robertson was implicated in an ongoing conspiracy, against the Plaintiff. Officer Deramus refused to let the Plaintiff see the custody paperwork, while repeating "he warned the Plaintiff".

Officer Deramus also assumed a direct kill stance, over the Plaintiff, with his gun locked and loaded. The Plaintiff was in beat up shorts, shirt and shoes, but Officer Deramus felt it best to hover above the Plaintiff, with his gun pointed straight down towards the ground. This stance assures the most destruction of the body, from a bullet.

The Plaintiff, through no intent of his own, had let the Plaintiff's hands to drop a couple inches and immediately got them back up. The stance was assumed, after the Plaintiff had raised his hands, back to an acceptable level..

Every action and intent by Officer Deramus, was intended to intimidate the Plaintiff into following his unlawful orders. Officer Deramus took the Plaintiff by force, as an agent of Mayor Bynum's.

In addition, each name mentioned herein, has focused all efforts on continuing the facade created and embellished by pathological liar, Jason A. Robertson, that the Plaintiff is homicidal and mentally "unhinged", and that further, Officer Deramus did in fact, treat the Plaintiff like he was "deranged" and had no rights.

Officer Deramus made it clear, he had determined the Plaintiff guilty, and the Plaintiff was going to feel his power. Officer Deramus had previously issued an unlawful order, that the Plaintiff was not allowed to use the word "family", even lawfully. Unbeknownst to the Plaintiff, Officer Deramus, had unlawfully stripped the Plaintiff's right to ever use the word "family". According to Officer Deramus, whether my use of the word was "lawful" or "unlawful", was irrelevant and the Plaintiff was not allowed to use the word at all, and therefore the Plaintiff had violated Officer Deramus's superior command.

The actions of the Defendant's are premeditated and a wanton disregard for the Plaintiff's right to be free from intimidation under 18 U.S.C. Section 1503 and 1512, and as a federal witness and victim.

Furthermore, the timing of the assault on my person, was intentionally intended to prevent an appeal, in a separate case, known as Federal Case 4:18-CV-00102-GKF-FHM, for which the appeal deadline expired May 16, 2018, which occurred while the Plaintiff was being assaulted by Officer Deramus, through his agents, Laureate Psychiatric Clinic. Laureate continued the assault against the Plaintiff, for the period May 15th through May 31st. TCBH was responsible for continuing Officer Deramus's assault for the period May 9th through May 15th, when the Plaintiff was then transferred to a Laureate.

Officer Deramus made a conscious decision, he would help pathological liar Jason A. Robertson, over any constitutional concerns, created by his treatment of the Plaintiff. Officer Deramus picked the pathological liar Jason A. Robertson, as the "pony" he would help win.

## CAUSE OF ACTION THREE
### (Conspiring To Commit Forty-Five False Evidence Violations)

By law, the Conspiracy and Obstruction previously committed by pathological liar, Jason A. Robertson, becomes incorporated, as if being committed by all co-conspirators. This includes each Defendant, herein.

Tulsa Attorney, Jason A. Robertson, provided false evidence against the Plaintiff, as follows:

A./ May 9, 2018 – Jason A. Robertson, in concert with Officer Deramus and Tom Cooper, falsified this threat of bodily harm:

***"Ron Wade began to sent Robertson emails that stated he knows where Robertsens lives and what his family looks like.***

B./ May 11, 2018 – Jason A. Robertson, swore before Judge Martha Rupp Carter, he had in his possession twenty-two additional direct threats of bodily harm, similar to the one above.

C./ October 31, 2018 – When asked to respond about the 23 emails, to the Okalhoma Supreme Court, Jason A. Robertson responded with words like "things turned ominous, when", but failed to produce a single threat of bodily harm.

D./ December 4, 2018 – Jason A. Robertson swore to possess the same twenty two emails, Mr. Robertson had admitted he didn't have, but previously swore to May 11, 2018.

To obtain a permanent restraining order, Mr. Robertson had to swear to the same set of circumstances as before. The Plaintiff believes Mr. Robertson is legally ignorant and simply did not understand how many felonies, he was committing and the ramifications of admitting guilt, then repeating the identical circumstance, as if guilt was never admitted.

Mr. Robertson, when he is not pathologically lying against the Plaintiff, works as an insurance attorney, not a criminal attorney, which may explain his total disregard for the law

and give insight as to why he is trying to hand the Plaintiff, the City of Tulsa and Warren Foundation, on a silver platter.

Conspiracy Law is clear, Mayor Bynum, Police Chief Chuck Howard, Officer Deramus and the Internal Affairs Investigator, are equally guilty of the crimes committed by themselves, but the law also insists, they be charged with forty five counts of conspiracy to provide false evidence. They are equally liable to the Plaintiff, for all acts of conspiracy and obstruction, committed by any of the participants, including Mr. Robertson's various conspiracies, in circumvention of the Plaintiff's Constitutional Rights..

## CAUSE OF ACTION FOUR
### (Repression Of Right To Equal Justice)
### (First and Fourteenth Amendment Violation)

Shockingly, this entire case is about the existence of an email. The City of Tulsa has been steadfast in it's belief that I am not entitled to know whether the evidence, represented as a crime by the Plaintiff, even exists. The City of Tulsa will not admit to the nonexistence of probable cause, because that would force them to prosecute themselves and they have intentionally choked off the Plaintiff's right to seek redress, as guaranteed under the First, Fourth, Fifth and Fourteenth Amendment. This is in clear contravention of the Plaintiff's right, to have at least a minimal investigation, around his allegations, involving forty five felonies.

Furthermore, the investigation consists of calling Mr. Robertson and asking him to surrender the twenty-three emails. When he cannot produce a single one, all of the perpetrators are then picked up and charged co-equally, with Mr. Robertson.

The behavior of the City of Tulsa, is so abhorrent, it's obvious they will not willingly allow prosecution of themselves or the pathological liar, known as Jason A. Robertson. Therefore, the Plaintiff invokes his absolute right to prosecute and asks that the United States Attorney

General ramrods an investigation of all criminal charges, as sufficiently delineated within this petition.

The Plaintiff further points out to this Court, the co-conspirators consist of:

**Judge Kirsten B Pace**
**Judge William J Musseman**
**Judge Martha Rupp Carter**
**TPD Officer Don Deramus**
**Police Chief Chuck Howard**
**Mayor G.T. Bynum**
**Mr. Tom Cooper**
**Dr. Ann Bliss**
**Jason A. Robertson**
**Mark Harmon**

The law requires each of these perpetrators, be immediately taken into custody for investigation of felony conspiracy and obstruction charges. Due the stature of the perpetrators, the Plaintiff assumes this Court understands the wisdom of quickly and efficiently cutting out the cancer, that is growing from within Tulsa.

None of these perpetrators will escape prison, for stripping every constitutional right of the Plaintiff, but more importantly, then conspiring to keep them permanently stripped. I have a constitutional right to see all evidence or lack thereof. They perpetrators have no defense and the Plaintiff has suffered immeasurably. The Plaintiff remains estranged from his family, ~~as~~ regardless of the Plaintiff's innocence.

## DAMAGES

The Plaintiff has suffered immeasurably from the wanton and depraved conduct of the perpetrators. This Plaintiff's extra income was destroyed, the Plaintiff is now in default on his mortgage, but more importantly the Plaintiff is estranged from his entire family, as regardless

of the protestations of the Plaintiff to the contrary, the Plaintiff's family feels there had to be a lawful reason for the Plaintiff to be taken into custody and that the Plaintiff, must be convincing himself otherwise and must be delusional.

This becomes exacerbated by the wanton conduct of the city, in continuing the obstruction, which further reflects poorly on the Plaintiff, as to why would a city cover up my innocnece over an email. It has no logic.

The Plaintiff feels more harm will be done, by interacting with his family, than remaining estarnged. There is no doubt the Plaintiff, will be required to forgive hundreds of people for their participation in the atrocities against the Plaintiff. The Plaintiff has no intention of a permanent estrangement, but does not see any logical reason to involve any family member in what is sure to be the biggest scandal in history.

The actions of the Defendants deprived the Plaintiff of his civil rights under the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution. In addition the acts constitute a Criminal Conspiracy to Obstruct Justice, as defined by Oklahoma and Federal Law.

The unlawful and/or reckless and/or deliberate acts of Defendants inflicted severe emotional distress, caused the Plaintiff great humiliation, caused him pain and suffering, caused him loss of income and was intended to destroy the functionality of his mind.

Punitive damages are justified by the deliberate and/or reckless and/or wanton and/or cruel activities of the Defendants.

### PRAYER FOR RELIEF

**WHERFORE**, premises considered, Plaintiff requests the following relief:

A./ Compensatory damages in the amount of $1,000,000,000.

B./ Punitive damages in the amount of $3,000,000,000.

C./ Costs and attorney fees pursuant to 42 U.S.C. § 1988

D./ Such other relief as the Court may deem just and proper.

A jury trial pursuant to the Seventh Amendment of the federal constitution, is demanded as to all claims.

Respectfully Submitted

*Ronald Gene Wade Jr*

Pro Se
Ronald Gene Wade, Jr
11405 S Locust Ave
Jenks, Ok 74037
(918) 528-6663